UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22534-CIV-LENARD
MAGISTRATE P. A. WHITE

MACKENDY STRACHAN,                    :
AKA SAMMY KAREN,

        Plaintiff,                    :

v.                                    :        REPORT OF
                                               MAGISTRATE JUDGE
ZELJKA BOZANIC, et al,                :

        Defendants.                   :
_____

Introduction

        The pro-se plaintiff, Mackendy Strachan, aka Sammy Karen,
filed a civil rights complaint pursuant to 42 U.S.C.§ 1983,
claiming that Defendants Assistant State Attorney Zeljka Bozanic,
and Assistant Public Defender Vannessa Lambert violated his civil
rights during his state criminal proceedings. The plaintiff seeks
monetary damages ,"as much money as I could get" . He is permitted
to proceed in forma pauperis. (DE#3)

Analysis

        As amended, 28 U.S.C. §1915 reads in pertinent part as
follows:
Sec. 1915 Proceedings in Forma Pauperis

                        *   *   *

        (e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

                        *   *   *

(B) the action or appeal –

\*     \*     \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law.  See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it

2

appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).    A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Claims

3

The plaintiff states that on October 17, 2008, he was sentenced to 364 days of county time, resulting from a guilty plea to criminal mischief. He alleges that the state attorney inflated the amount of damage he caused, changing his conviction from a misdemeanor to a felony. He further claims that his assistant public defender refused to adopt his pro-se motions, and adequately defend his case.

Analysis and Law

The plaintiff is not entitled to monetary damages, as these defendants are immune. The Assistant State Attorney is absolutely immune from a §1983 suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976).   The plaintiff cannot seek relief against Vannessa Lambert, the Assistant Public Defender,  based on a theory of ineffective assistance of counsel. Public defenders generally do not act "under color of state law", and therefore claims against such counsel are not cognizable under 42 U.S.C. §1983. See: Polk County v Dodson, 454 U.S. 312 (1981).

However, as this complaint is framed, Strachan is essentially dissatisfied with the proceedings in his state case,  thus these claims, in essence, challenge aspects of his criminal proceedings, and are therefore not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).   If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been

4

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Heck further applies to pre-trial detainees as well as convicted prisoners. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

It is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 24th September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Mackendy Strachan, Pro Se
     aka Sammy Karen
     Inmate 080066936
     Miami Dade County Jail
     Address of Record

5